UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X
PATRICK CONWAY,

    Plaintiff,

v.   21-cv-06512   <u>AMENDED</u> <u>COMPLAINT</u>

**JURY TRIAL DEMANDED**

HEALTHFIRST INC. &
CHRISTOPHER SMITH

    Defendants.
——————————————————————X

*Dans ses écrits, un sage Italien*
*Dit que le mieux est l'ennemi du bien.*

Voltaire[1]

Plaintiff Patrick Conway alleges upon his knowledge and credible evidence as follows:

1. This is a retaliation and discrimination action under the Americans with Disabilities Act, the Rehabilitation Act, the Civil Rights Act of 1964 as amended, and other pendant claims.

2. May we all remember that the standard for assessing a retaliation claim is not just whether an "adverse action" occurred – as it did here- but whether an employer's actions would deter a reasonable employee from making a charge of discrimination.

3. And, boy, did these defendants retaliate against Mr. Conway – in addition to discriminating against him.

4. Defendant Smith purposely tried to deter Plaintiff from pursuing a job with Healthfirst. Both defendants later lied to the EEOC to suggest otherwise.

5. It is Healthfirst's practice to record outgoing calls for "quality assurance" and all that.

---

[1] This maxim applies not only to these parties, but to us all.

1

6. Smith, knowing he simply wanted to get rid of Plaintiff, called Plaintiff on a cell phone registered to his personal New Jersey area code.

7. Smith then lied and humiliated Mr. Smith. Conway is both an RN and a Lawyer admitted to practice in New York State and wanted a job as a home assessor.

8. Smith purported to be a soccer player who went to law school. His history is a bit more sinister, as he knows. The voice demonstrates on the video linked hereto and as transcribed as YouTube and Exhibit A. He purported to work as a microbiologist too, whose parents suggested he retire at approximately age 50. His tone conveys the most sinister ridicule to deter Plaintiff from pursuing the job for which he applied.

9. Smith's voice sounds crafty. Smith defines irony as "sometimes ironic." Of course, this is a double-bastardization of the definition of "irony – which means saying one thing and meaning another. But, then again, one could say that Smith was saying one thing and meaning two things at once: (1) we don't want you as an employee; and (2) Healthfirst will make Conway's life miserable if he tries to pursue a job there.

10. Smith's voice reminds one of a man twisting wax into his old-time *mustachio*. It was Conway who quoted Voltaire at the end of the 37-minute conversation (in English). However, imagine if one with a rudimentary understanding of Voltaire's novella *Candide* were to take Conway's simile a step further. The character in Candide most like Smith would be The Grand Portuguese Inquisitor who, at the *auto-da-fé*, sentences Candide to death

11. But later, Candide, in a twist of fate, slays his purported executioner.[2]

---

[2] *Candide* reads quicky, so plaintiff shall not attach it as an exhibit. But a reader listening to Smith's voice will understand wherein plaintiff speaks.

12. The Boston EEOC sent a right to sue letter with no cause found (either way) to Mr. Conway (from Boston) on or about May 3, 2021.

13. Assuming there are no days of tolling for mailing – and there should be at least three – the earliest deadline to file this complaint is within 90 days would be August 2, 2021. Plaintiff filed an initial complaint on July 31, as a precaution, with that deadline in mind.

14. The deadline, however, with tolling, should be August 6, 2021.

15. Plus, Healthfirst receives federal financial assistance as (admitted to) and defined by the Rehabilitation Act of 1973, which requires no condition precedent to filing (at least in this case). Independent Federal Jurisdiction is founded on said statute.

## PARTIES & JURISDICTION

16. Plaintiff Patrick Conway resides in Queens, NY.

17. Defendant Healthfirst Inc. does business (and is believed to have headquarters in) New York County.

18. Defendant Christopher Smith is a "Director of Talent" at Healthfirst. He lives, upon information and belief, in Monmouth County, New Jersey. Smith issued in his personal and professional capacities.

19. Unknown to Smith, when he lied and humiliated Plaintiff on a cell phone call with a 732 area code, Mr. Conway recorded him. Mr., Conway was being jerked around in a discriminatory manner by Healthfirst, and the audio shows that.

20. It was not a call from Healthfirst. Said company records lines, as mentioned.

21. There is federal question jurisdiction under the Americans with Disabilities Act and the Rehabilitation Act, as Smith said, on the recorded call, that Healthfirst was a federally funded entity.

22. Since Smith lives in New Jersey, there is diversity jurisdiction as well.

23. Venue is proper insofar as at least one defendant resides in this judicial district.

FACTS

14. In the interests of time, Plaintiff attaches YouTube self-generated transcript, as well as the statements on video herein as Exhibit A and – virtually, one could say – Exhibit A1.

24. The audio (not the visual) of the YouTube is incorporated herein as well, insofar as it contains facts, admissions, apparent conflict and obfuscation, and *demeanor* and *tone,* which are facts.

25. Attached as Exhibit B is included Plaintiff's original charge to the EEOC.

26. Later, the EEOC asked him to amend the original charge – for which no right to sue ever issued. The amendment is attached as "Exhibit C."

27. Based on these facts, supported by the recording, Plaintiff sues for redress

FIRST CAUSE OF ACTION
ADA RETALIATION

28. Plaintiff repeats and realleges each previous paragraph.

29. Defendants both deterred a reasonable employee from making a charge of discrimination.

30. As a result of the preceding, Plaintiff has been damaged

SECOND CAUSE OF ACTION
RETALIATION
NEW YORK STATE HUMAN RIGHTS LAW

31. Plaintiff repeats and realleges each previous paragraph.

32. As a result of the preceding, Plaintiff has been damaged

THIRD CAUSE OF ACTION
RETALIATION
NEW YORK CITY HUMAN RIGHTS LAW

33. Plaintiff repeats and realleges each previous paragraph.

34. This retaliation morphed with other discriminatory actions and tensions in the application and damaged Plaintiff.

### THIRD CAUSE OF ACTION
### RETALIATION
### FEDERAL REHABILITATION ACT

35. Plaintiff repeats and realleges each previous paragraph.

36. This retaliation morphed with other discriminatory actions and tensions in the application and damaged Plaintiff.

### FOURTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### ADA

37. Plaintiff repeats and realleges each previous paragraph.

38. As a result of the preceding, Plaintiff has been damaged.

### FOURTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### NEW YORK CITY HUMAN RIGHTS LAW

39. Plaintiff repeats and realleges each previous paragraph.

40. As a result of the preceding, Plaintiff has been damaged.

### FIFTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### NY STATE HUMAN RIGHTS LAW

41. Plaintiff repeats and realleges each previous paragraph.

42. As a result of the preceding, Plaintiff has been damaged.

### SIXTH CAUSE OF ACTION
### SEX DISCRIMINATION
### TITLE VII

43. Plaintiff repeats and realleges each previous paragraph.

44. Plaintiff was discriminated against based of sex. He was told more than once words to the effect that "women usually apply to the nursing job he sought.

### SEVENTH CAUSE OF ACTION
### SEX DISCRIMINATION
### NEW YORK STATE HUMAN RIGHTS LAW

43. Plaintiff repeats and realleges each previous paragraph.

44. As a result of the preceding, Plaintiff has been damaged.

### SEVENTH CAUSE OF ACTION
### SEX DISCRIMINATION
### NEW YORK CITY HUMAN RIGHTS LAW

45. Plaintiff repeats and realleges each previous paragraph.

46. As a result of the preceding, Plaintiff has been damaged.

### EIGHTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### NEW YORK CITY HUMAN RIGHTS LAW

47. Plaintiff repeats and realleges each previous paragraph.

48. As a result of the preceding, Plaintiff has been damaged.

### NINTH CAUSE OF ACTION
### SEX DISCRIMINATION
### NY STATE HUMAN RIGHTS LAW

49. Plaintiff repeats and realleges each previous paragraph.

50. As a result of the preceding, Plaintiff has been damaged.

### TENTH CAUSE OF ACTION
### DISCRIMINATION BASED ON PROFESSION
### NEW YORK CITY HUMAN RIGHTS LAW

51. Plaintiff repeats and realleges each previous paragraph.

52. Few know that the NYCHRL forbids discrimination based on profession, but it is true.

53. In the audio file of Plaintiff's conversation with Smith, the latter suggests. Plaintiff should get a lawyer job, despite that there were none in a saturated market, and given Plaintiff's education and training as a nurse.

54. Plaintiff's unique background prompted Smith to say he might not be a "fit" with nothing more to explain why he was not a "fit."

55. As a result of the preceding, Plaintiff has been damaged.

## CONDITIONS PRECEDENT

56. Plaintiff filed a charge of discrimination and received a right-to-sue letter within less than 90 days of this filing.

**WHEREFORE,** the Plaintiff requests a judgment in Plaintiff's favor awarding:

A. Damages for $1,000,000.

B. Compensatory damages to be determined by the trier of fact;

C. Backpay and front Pay

D. Punitive damages to be determined on such causes of action that allow such, to be determined by the trier of fact;

E. Such other and further relief that the court may deem just and proper.

**Dated:** New York, New York
August 2, 2021

/s/ Greg S. Antollino
Gregory Antollino
Antollino PLLC
127 West 30th Street 9th Fl
New York, NY 10001
(212) 334-7397

Home Office:
11-07-A 46th Avenue (Upstairs)
Long Island City. NY 11101
gregory@antollino.com